UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTURO MARTINEZ BAÑOS,

        Plaintiff-Petitioner,

   v.

NATHALIE ASHER, et al.,

        Defendants-Respondents.

CASE NO. C16-1454-JLR-BAT

**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND STRIKING FEBRUARY 1, 2017 ORAL ARGUMENT**

Arturo Martinez Baños ("Mr. Martinez"), the sole named plaintiff-petitioner in this putative class action and 28 U.S.C. § 2241 immigration habeas petition, has moved for leave to file an amended complaint. Dkt. 28; *see also* Dkt. 28-1 (proposed amended complaint). The Government opposes the request. Dkt. 36. Having considered the parties' briefs, the balance of the record, and the governing law, the Court finds that oral argument on the motion for leave to amend is unnecessary, **GRANTS** Mr. Martinez's motion, **STRIKES** the February 1, 2017 oral argument on Mr. Martinez's motion for class certification, and **ORDERS** the parties to submit a joint status report as discussed herein.[1]

---

[1] Because the Court is granting Mr. Martinez's motion for leave to file an amended complaint, he will not be prejudiced by the filing of this Order before the noting date.

ORDER GRANTING MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT AND
STRIKING FEBRUARY 1, 2017 ORAL
ARGUMENT - 1

**BACKGROUND**

**A.  Mr. Martinez**

The following facts are taken from Mr. Martinez's habeas petition.  Mr. Martinez, a native and citizen of Mexico, first entered the United States around 1997 without any lawful status.  He was ordered removed from the United States in 2009, and since then, he has returned several times and been summarily removed.  When he was arrested in March 2015, however, Mr. Martinez expressed a fear of return to Mexico and underwent a Reasonable Fear Interview pursuant to 8 C.F.R. § 208.31(b).  The Asylum Officer found he demonstrated a reasonable fear of torture and referred his case to an Immigration Judge ("IJ") for withholding only proceedings.

On October 8, 2015, after Mr. Martinez had been in immigration detention for 196 days, he received an individualized bond hearing before an IJ.  The IJ granted Mr. Martinez release on a $10,000.00 bond, which he paid.  The Department of Homeland Security ("DHS") appealed the IJ's bond determination to the Board of Immigration Appeals ("BIA"), and on July 27, 2016, a three-member panel of the BIA reversed the IJ's custody determination in a split decision.  The majority vacated the IJ's decision granting a $10,000.00 bond, denied Mr. Martinez's request for release on bond, and ordered that he "shall be detained without bond pending proceedings."

Despite the BIA's order, ICE has not rearrested him, and he is living in Othello, Washington.

**B.  Procedural history**

On September 14, 2016, Mr. Martinez filed the instant action through counsel, challenging the Government's policy of denying individualized bond hearings to individuals in withholding only proceedings.  Dkt. 1.  He sought to represent a class defined as:

> All individuals who are detained in the Western District of Washington who are placed in withholding only proceedings under 8 C.F.R. § 1208.31(e) who,
>
> 1) are thereafter denied an individualized custody determination before an Immigration Judge or,
>
> 2) on or before six months of civil immigration detention, are not provided automatic individualized custody hearings where Defendants must justify their continued detention.

Dkt. 1 at 18-19; *see also* Dkt. 6 at 2-3 (motion for class certification). As relief, Mr. Martinez sought both declaratory and injunctive relief. Dkt. 1 at 22-23.

The Court ordered that the petition be served and set a deadline for moving for class certification. Dkt. 3. On October 20, 2016, Mr. Martinez filed a motion for class certification. Dkt. 6. On November 7, 2016, the Government moved to dismiss Mr. Martinez's individual claims. Dkt. 16. On December 1, 2016, Mr. Martinez moved for a preliminary injunction. Dkt. 23. In each of these instances, the non-moving party opposed the motion and the moving party filed a reply.

On December 13, 2016, the Court set oral argument on the motion for class certification for February 1, 2017, and ordered the parties to submit supplemental briefing. Dkt. 25. Relevant to the instant motion for leave to amend, the Court stated that it appeared Mr. Martinez was not a member of the proposed class, which was limited to "detained" individuals, and asked him to offer a solution. Dkt. 25 at 1-2. The Court also asked Mr. Martinez to address Rule 23(b)(2)'s requirements in light of the fact that he requested injunctive relief for putative class members that he would not be eligible to receive because he is not detained. *Id.* at 2.

On January 9, 2017, before the supplemental briefs were due, Mr. Martinez filed the motion for leave to amend that is currently before the Court. Dkt. 28. First, he seeks to modify the proposed class definition to remove any doubt that he is a class member. Thus, rather than

1   defining the class in terms of individuals who are "detained," he proposes a class of "[a]ll
2   individuals who are placed in withholding only proceedings under 8 C.F.R. § 1208.31(e) in the
3   Western District of Washington who are detained or subject to an order of detention."  Dkt. 28 at
4   6; Dkt. 28-1 at 23.

5   Second, he asks to add additional named plaintiff-petitioners—Edwin Flores Tejada
6   ("Mr. Flores") and German Ventura Hernandez ("Mr. Ventura")—to address the Court's
7   concerns regarding the class definition and Rule 23(b)(2).  Dkt. 28 at 6; *see generally* Dkt. 28-1.
8   Mr. Flores and Mr. Ventura are both detained at the Northwest Detention Center and are in
9   withholding only proceedings under 8 C.F.R. § 1208.31(e).  Dkt. 28-1 at 6, 21-23.  Mr. Martinez
10  thus asserts they are members of the new proposed class and are eligible to receive the requested
11  injunctive relief—individualized custody determinations.  Dkt. 28 at 6-7.

## DISCUSSION

13  Motions for leave to amend a pleading before trial should be granted "freely when justice
14  so requires."  Fed. R. Civ. P. 15(a)(2).  "The standard for granting leave to amend is generous."
15  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoted source omitted).
16  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad
17  faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by
18  amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of
19  the amendment, [or] futility of amendment, etc.'"  *Sonoma Cnty. Ass'n of Retired Emps. v.*
20  *Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182
21  (1962)).  "[T]he consideration of prejudice to the opposing party carries the greatest weight."
22  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).
23

ORDER GRANTING MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT AND
STRIKING FEBRUARY 1, 2017 ORAL
ARGUMENT - 4

Mr. Martinez asserts the Court should grant leave to amend because the Government will not be prejudiced by the amendments and there is no evidence of undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies. Dkt. 28 at 7-8. The Government responds that leave to amend should be denied because of futility, prejudice, and undue delay. Dkt. 36 at 5-8.

**A.    Futility**

"An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *State of Mo. ex rel. Chris Koster v. Harris*, --- F.3d ----, No. 14-17111, 2016 WL 7971326, at *6 (9th Cir. Jan. 17, 2017) (citation omitted). The Government's arguments regarding futility focus on the new proposed class definition's inclusion of individuals who are not detained but are subject to an order of detention.

First, the Government claims that the non-detained putative class members are outside of ICE's custody and control, implying that the Court lacks habeas jurisdiction over such individuals. Dkt. 36 at 8. To file a habeas petition, a person must be "in custody" within the meaning of § 2241. *E.g.*, *Miranda v. Reno*, 238 F.3d 1156, 1158-59 (9th Cir. 2001); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or the laws or treaties of the United States . . . ."). Section 2241, however, does not require an individual to be physically detained to be "in custody." *See Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963); *Williams v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998); *Williams v. INS*, 795 F.2d 738, 744 n.3 (9th Cir. 1986); *Xiaoyuan Ma v. Holder*, 860 F. Supp. 2d 1048, 1052 (N.D. Cal. 2012). The Ninth Circuit has stated:

> We have broadly construed 'in custody' to apply to situations in which an alien is not suffering any actual physical detention; i.e., *so long as he is subject to a final order of deportation*, an alien is deemed to be 'in custody' for purposes of the [Immigration and Nationality Act], and therefore may petition a district court for habeas relief.

*Nakaranurack v. United States*, 68 F.3d 290 (9th Cir. 1995) (emphasis added). "Numerous cases have cited the above principle with approval—and while the context of those cases may vary, the principle remains the same—even in spite of the jurisdiction-stripping provisions of Congress." *Xiaoyuan Ma*, 680 F. Supp. 2d at 1053 (collecting cases). Thus, § 2241's "in custody" requirement "is met when a person is subject to a final order of removal." *Id.* The parties here dispute whether individuals in withholding only proceedings under 8 C.F.R. § 1208.31(e) are subject to final orders of removal. The Court, therefore, will not find futility based on §2241's "in custody" requirement.

Second, the Government argues that the new proposed subclass of non-detained individuals raises the same Article III justiciability issues that the Government set forth in its opposition to Mr. Martinez's motion for class certification and in its motion to dismiss Mr. Martinez's individual claims. Dkt. 36 at 8. Because these issues have been briefed more fully in other contexts, the Court declines to consider them here as a basis for denying leave to amend.

The Government also suggests that it would be improper to certify a Rule 23(b)(2) sub-class that includes non-detained individuals because it would be difficult to order relief for all subclass members. *Id.* This argument, however, is better suited for an opposition to class certification. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification . . . ."). Although Mr. Martinez ultimately bears the burden of

ORDER GRANTING MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT AND
STRIKING FEBRUARY 1, 2017 ORAL
ARGUMENT - 6

demonstrating that Rule 23's requirements are actually satisfied in this case, the Court declines to make that determination on this motion.

Finally, the Government argues that new proposed class definition "would present the additional obstacle of ascertaining the facts surrounding each members' release and/or custody order." Dkt. 36 at 8. But this potential difficulty, which likely could be overcome through discovery, does not establish futility.

The Court concludes that futility is not a basis on which to deny Mr. Martinez's motion for leave to amend.

**B.     Prejudice**

The party opposing the amendment bears the burden of showing prejudice. *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The Government argues that allowing amendment would cause prejudice because it would have to expend additional resources to provide supplemental briefing on the three pending motions, and because it would have to develop a new litigation strategy to address the fact that Mr. Flores and Mr. Ventura are detained.[2]  Dkt. 36 at 5-6.

It likely is true that the Government will have to spend more time briefing the motions that have already been filed and adjust its litigation strategy to account for the addition of new named plaintiffs and a different proposed class. This amounts to some prejudice. But the prejudice is not substantial enough to deny leave to amend. First, the Government has litigated numerous other cases that raise essentially the same claims as those presented by the proposed amended complaint, which lessens any burden. Second, Mr. Flores and Mr. Ventura could file

---

[2] The Government also asserted prejudice based on having insufficient time to prepare for the February 1, 2017 oral argument on the motion for class certification. Dkt. 36 at 5. The Court, however, has stricken the oral argument.

ORDER GRANTING MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT AND
STRIKING FEBRUARY 1, 2017 ORAL
ARGUMENT - 7

their own class action habeas petition against the Government based on their detention without a bond hearing; such a case likely would involve most of the issues Mr. Martinez raised in his original petition.  Therefore, allowing amendment here probably would have the net effect of reducing the litigation burden on the Government.  Finally, the Government has already briefed many of the issues it now asserts with respect to the subclass of non-detained individuals, and thus additional briefing likely would involve revision rather than starting from scratch.  The Government has not shown that it will suffer substantial prejudice if Mr. Martinez is granted leave to amend.

**C.     Undue delay**

In evaluating a motion for leave to amend, a substantial delay on the part of the moving party, while not in itself sufficient to warrant denial, is nevertheless relevant.  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (acknowledging the two year delay in filing the motion for leave to amend as "enter[ing] the balance" of the denial); *see also Lockheed Martin Corp. v. Network Sols. Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding that a motion to amend filed after several months with no reason given for the delay supported the district court's denial of leave).  Delay is especially damaging to the plaintiff's motion where the facts were available previously and no reason is given for their exclusion from antecedent complaints.  *Chodos v. W. Pub. Co. Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002); *see also Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (finding that plaintiff's inexplicably late filing of motion to amend warranted denial of the motion).

The Government argues that Mr. Martinez unduly delayed filing his motion for leave to amend because he waited two months after the Government's response to his class certification motion put him on notice that he was a deficient representative for his proposed class.  Dkt. 36 at

1  7. The Government points out that Mr. Martinez vigorously litigated this case in the interim, opposing the Government's motion to dismiss his individual claims and filing a motion for preliminary injunction. *Id.* The Government further argues that Mr. Martinez's undue delay is shown by the fact that he filed his motion for leave to amend only four days before the supplemental briefs were due. *Id.* Finally, the Government contends that Mr. Martinez has not shown that he was diligent in identifying Mr. Flores and Mr. Ventura as individuals who could join this lawsuit as named plaintiffs. *Id.*

Mr. Martinez moved for leave to amend less than four months after initiating this action, only two months after the Government claimed Mr. Martinez was not a member of the proposed class, and less than one month after the Court ordered supplemental briefing on whether Mr. Martinez was a member of the proposed class. The Court does not find any delay to be undue. And although it is possible Mr. Martinez could have recruited Mr. Flores and Mr. Ventura to join this action at an earlier date, the Court finds that any delay is insufficient to justify denying leave to amend.

## JOINT STATUS REPORT

The Court directs the parties to submit a joint status report by February 15, 2017, that addresses the following:

(1) There are three pending motions: Mr. Martinez's motion for class certification, the Government's motion to dismiss Mr. Martinez's individual claims, and Mr. Martinez's motion for a preliminary injunction. Given the amended complaint, how would the parties like to proceed with these motions? For example, are the motions ready for ruling? Is additional briefing necessary? Should the motions be stricken or withdrawn?

ORDER GRANTING MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT AND
STRIKING FEBRUARY 1, 2017 ORAL
ARGUMENT - 9

1  (2) Does Mr. Martinez need discovery prior to filing a new or revised motion for class certification that reflects the amended complaint?

(3) What deadlines do the parties propose for completing class discovery, if necessary, moving for class certification, and moving for leave to amend?  Are there any other deadlines the parties propose at this point in the litigation?

(4) Is there anything else the parties want the Court to address?

## CONCLUSION

Mr. Martinez's motion for leave to file an amended complaint, Dkt. 28, is **GRANTED**; the February 1, 2017 oral argument, Dkt. 25, is **STRICKEN**; and the parties are **ORDERD** to file a joint status report on or before **February 15, 2017**.  Mr. Martinez shall file his proposed amended complaint on or before **February 1, 2017**.  The Clerk is directed to send copies of this Order to the parties and to the Honorable James L. Robart.

DATED this 25th day of January, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT AND
STRIKING FEBRUARY 1, 2017 ORAL
ARGUMENT - 10