UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ARTURO MARTINEZ BAÑOS, et al., | CASE NO. C16-1454JLR |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| NATHALIE ASHER, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is United States Magistrate Judge Brian A. Tsuchida's report and recommendation regarding two motions to dismiss by Defendants Nathalie Asher, Field Office Director of the Seattle District of Immigration and Customs Enforcement ("ICE"), in her official capacity; Thomas D. Homan, Acting Director of ICE, in his official capacity; John F. Kelly, Secretary of the Department of Homeland Security ("DHS"), in his official capacity; James McHenry, Acting Director of the Executive Office for

ORDER - 1

1  Immigration Review ("EOIR"), in his official capacity; Jefferson B. Sessions, Attorney

2  General of the United States, in his official capacity; and Lowell Clark, Warden of the

3  Northwest Detention Center, in his official capacity (collectively, "Defendants").[1] (*See*

4  R&R (Dkt. # 49); 1st MTD (Dkt. # 16); 2d MTD (Dkt. # 44).) Defendants object to

5  Magistrate Judge Tsuchida's recommendations (Obj. (Dkt. # 50)), and Plaintiffs Arturo

6  Martinez Baños ("Mr. Martinez"), Edwin Flores Tejada ("Mr. Flores"), and German

7  Ventura Hernandez ("Mr. Ventura") (collectively, "Plaintiffs") responded to Defendants'

8  objections (Resp. (Dkt. # 51)). Having considered those filings, the balance of the

9  record, and the governing law,[2] the court ADOPTS in part and REJECTS in part the

10 report and recommendation and refers the matter back to Magistrate Judge Tsuchida for

11 further proceedings.

## II.  BACKGROUND

On September 14, 2016, Mr. Martinez filed this habeas action on behalf of a putative class. (Pet. (Dkt. # 1).) On January 31, 2017, Plaintiffs filed an amended habeas

//
//
//
//

---

[1] The court directs the Clerk to substitute James McHenry for former EOIR Director Juan P. Osuna and Jefferson B. Sessions for former Acting Attorney General Dana J. Boente. *See* Fed. R. Civ. P. 25(d).

[2] Plaintiffs request oral argument. (Resp. at 1.) The court agrees with Magistrate Judge Tsuchida that the issues have been sufficiently briefed (*see* R&R at 2 n.1) and concludes that oral argument would not aid the court in its review of the report and recommendation. Accordingly, the court denies Plaintiffs' request for oral argument. *See* Local Rules W.D. Wash. LCR 7(b)(4).

petition, adding Mr. Flores and Mr. Ventura, on behalf of a similar putative class.[3] (Am. Pet. (Dkt. # 38).) Plaintiffs were previously ordered removed from the United States, and they subsequently reentered the United States without inspection. (*See id.* ¶¶ 58-62, 74-77, 81-84.) After Plaintiffs' respective reentries, ICE apprehended them. (*Id.* ¶¶ 62, 77, 84.) Upon apprehending each Plaintiff, ICE transported them to the Northwest Detention Center in Tacoma, Washington. (*Id.* ¶¶ 13-15, 62, 77, 84.)

Because Plaintiffs expressed fear of returning to their countries of removal (*id.* ¶¶ 62, 76-77, 81-84), the Asylum Office conducted reasonable fear interviews with each Plaintiff, *see* 8 C.F.R. § 208.31(a)-(b). The Asylum Office found that Mr. Martinez demonstrated a reasonable fear of torture by the Petatlán, Mexico, police; Mr. Flores demonstrated a reasonable fear of torture by the Mara Salvatrucha ("MS-13)" gang; and Mr. Ventura demonstrated a reasonable fear of torture by residents of a rival town. (Am. Pet. ¶¶ 60, 62, 74, 77, 81, 84; *see also id.* ¶ 84, Ex. C (Dkt. # 38-3) at 1.) Pursuant to 8 C.F.R. § 208.31(e), the asylum officers reviewing Plaintiffs' applications referred their requests to immigration judges ("IJs") "for full consideration of the request for withholding of removal only." 8 C.F.R. § 208.31(e). The merits proceedings before the IJ are referred to as "withholding only" proceedings. *See id.*; (Am. Pet. ¶ 1.)

Plaintiffs seek custody hearings in hopes of being released on bond pending their withholding only determination. (Am. Pet. ¶¶ 22-24.) Plaintiffs had different

---

[3] Plaintiffs seek to compel Defendants to institute custody hearings for Plaintiffs and the following class: "All individuals who are placed in withholding only proceedings under 8 C.F.R. § 1208.31(e) in the Western District of Washington who are detained or subject to an order of detention." (Am. Pet. (Dkt. # 38) ¶ 86; *see also id.* ¶ 1.)

ORDER - 3

experiences seeking custody hearings. Initially, after Mr. Martinez had been in custody for more than six months, the IJ held a custody hearing and set Mr. Martinez's bond at $10,000.00. (Am. Pet. ¶¶ 63-64; id. ¶ 67, Ex. A ("BIA Decision") (Dkt. # 38-1) at 3.) DHS appealed that determination, however, and the Board of Immigration Appeals ("BIA") reversed and found that IJs lack jurisdiction to make custody determinations.[4] (BIA Decision at 3.) The BIA also indicated that Mr. Martinez "shall be detained without bond pending proceedings." (BIA Decision at 3.) Following the BIA's decision, however, ICE "exercised its discretion not to take action on the case to re-detain" Mr. Martinez. (Hernandez Decl. (Dkt. # 29-1) ¶ 21.)

On January 11, 2016, approximately six months after the BIA rendered the decision discussed above, Mr. Flores underwent his reasonable fear interview. (See Am. Pet. ¶¶ 67, 77; BIA Decision at 3.) On August 30, 2016, after approximately 250 days in detention, the immigration court held a custody redetermination hearing for Mr. Flores. (Am. Pet. ¶ 78.) The IJ denied Mr. Flores's bond request based on a lack of jurisdiction to set bond in withholding only proceedings. (Id. ¶ 78, Ex. B at 3); see also supra n.4. Mr. Flores appealed the IJ's denial, and as of the filing of the amended petition, Mr. Flores's appeal was pending before the BIA. (Id. ¶ 79.)

Mr. Ventura underwent his reasonable fear interview on November 3, 2016, and was referred to immigration court for withholding only proceedings. (Id. ¶¶ 84-85.) As

//

---

[4] Plaintiffs allege that after this BIA decision, the immigration court updated its template bond sheet to include a check-box for "No Jurisdiction" on account of "Withholding Only Proceedings." (Am. Pet. ¶ 72, Ex. B at 2-3.)

of the filing of the amended petition, the IJ had not yet ruled on the merits of Mr. Ventura's application. (*Id.* ¶ 85.) However, Mr. Ventura has been detained since October 18, 2016, and Defendants' interpretation of the governing law renders Mr. Ventura ineligible for a custody hearing based on the immigration court's lack of jurisdiction. (*Id.* ¶¶ 15, 85); *supra* n.4.

Plaintiffs contend that Defendants incorrectly interpret the law and unlawfully deprive Plaintiffs and the putative class of custody hearings. (*See* Am. Pet. ¶¶ 1-12.) Plaintiffs seek class certification and declaratory and injunctive relief. (*Id.* ¶¶ 11-12, 86-102; PI Mot. (Dkt. # 23); Am. Class Cert. Mot. (Dkt. # 41).) Defendants move to dismiss both Mr. Martinez's initial petition (*see* 1st MTD; Pet.) and the amended petition that added Mr. Ventura's and Mr. Flores's claims (*see* 2d MTD; Am. Pet.). Magistrate Judge Tsuchida recommends denying the first motion to dismiss and striking the second motion to dismiss as filed in contravention of the Local Civil Rules. (R&R at 1-2, 15-16.) The report and recommendation does not address the remaining motions pending before the court. (*See generally id.*) The court now turns to Magistrate Judge Tsuchida's report and recommendation and Defendants' objections thereto.

### III. ANALYSIS

#### A. Standard of Review

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

B.  **Legal Standard for Rule 12(b)(1) Motion**

A motion to dismiss for lack of subject-matter jurisdiction is either facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where, as here, the moving party "convert[s] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject[-]matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). The party asserting its claims in federal court bears the burden of establishing subject-matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

C.  **Defendants' First Motion to Dismiss**

Defendants object to several conclusions in Magistrate Judge Tsuchida's report and recommendation. (*See generally* Obj.). The court first analyzes standing because it "is a necessary element of federal-court jurisdiction." *City of S. Lake Tahoe v. Cal. Tahoe Reg'l Planning Agency*, 625 F.2d 231, 233 (9th Cir. 1980) (citing *Warth v. Seldin*,

422 U.S. 490, 498 (1975)). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 133 S. Ct. 1138, 1147 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). More concisely, these requirements are known as injury, causation, and redressability. *See Massachusetts v. E.P.A.*, 549 U.S. 497, 540 (2007) (Roberts, C.J., dissenting). Because Mr. Martinez seeks "declaratory and injunctive relief only," "there is a further requirement that [he] show a very significant possibility of future harm; it is insufficient for [him] to demonstrate only a past injury." *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). As the party asserting his claims in federal court, Mr. Martinez bears the burden of establishing standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

When Mr. Martinez filed his habeas petitions,[5] Mr. Martinez had been released on $10,000.00 bond, the BIA had vacated the IJ's order granting a $10,000.00 bond, and ICE had exercised its discretion not to re-detain Mr. Martinez. (*See* Pet. ¶ 20; Am. Pet. ¶ 22; BIA Decision; Hernandez Decl. ¶ 21.) The parties dispute whether that condition demonstrates injury-in-fact for purposes of seeking federal habeas relief. Mr. Martinez

//

---

[5] When a plaintiff files an initial complaint and subsequently amends the complaint to add plaintiffs, courts take different approaches to determining which complaint governs subject matter jurisdiction over the initial plaintiff's claims. *See Nw. Immigrant Rights Project v. U.S. Citizenship & Immigration Servs.*, --- F.R.D. ---, No. C15-0813JLR, 2016 WL 5817078, at *8 n.8 (W.D. Wash. Oct. 5, 2016) (collecting cases). Because the facts material to Mr. Martinez's standing did not change between Mr. Martinez's initial petition and Plaintiffs' amended petition (*compare* Pet. ¶ 20, *with* Am. Pet. ¶ 13; *see also* R&R at 12), it is inconsequential which petition governs the court's standing analysis.

contends that he "is subject to immediate detention, at Defendants' discretion," and therefore "remains in constructive custody." (Am. Pet. ¶ 22; *see also* Resp. at 4.) Defendants respond that "a habeas petition challenging detention is mooted by the petitioner's release from ICE custody." (Obj. at 5 (citing *Abdala v. INS*, 488 F.3d 1061, 1064-65 (9th Cir. 2007)).) Magistrate Judge Tsuchida concluded that Mr. Martinez has standing because when he filed this suit, he was "living under the shadow of the BIA's order revoking [his] release." (R&R at 9; *see also id.* ("The [c]ourt must assume that ICE will execute the BIA's order, rather than speculate about ICE's enforcement priorities.").) Because there has been "no material change in the facts of Mr. Martinez's case" since he filed the action, Magistrate Judge Tsuchida rejected the argument that Mr. Martinez's claims are moot. (*Id.* at 12.)

   A plaintiff seeking prospective injunctive relief must demonstrate (1) that he has suffered or is threatened with a concrete and particularized harm, and (2) a sufficient likelihood that he will again be wronged in a similar way. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983)). ICE has detained Mr. Martinez before, and that past action constitutes some "evidence bearing on whether there is a real and immediate threat of repeated injury." *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). However, ICE has decided not to re-detain Mr. Martinez (Hernandez Decl. ¶ 21), and he is "currently released . . . and residing at his home" (Am. Pet. ¶ 22). Mr. Martinez correctly alleges that he is "subject to immediate detention, at Defendants' discretion." (*Id.*) But besides his prior detention, which is minimally indicative of

Defendants' future intentions, there is no suggestion that Defendants will imminently exercise their discretion to detain Mr. Martinez.

In support of his standing, Mr. Martinez also points to the BIA's conclusion that he "shall be detained without bond pending proceedings." (BIA Decision at 3.) Notwithstanding this apparently mandatory language, ICE—not the BIA—has discretion to determine whether to detain Mr. Martinez pending his merits hearing.[6] *See Padilla-Ramirez v. Bible*, --- F.3d ---, No. 16-35385, 2017 WL 2871513, at *4 (9th Cir. July 6, 2017) (holding that individuals in withholding only proceedings are detained—if at all—pursuant to Section 1231(a)); 8 C.F.R. § 241.4(a) (granting ICE discretion whether to detain individuals detained pursuant to Section 1231); *see also* 8 C.F.R. § 1003.1(b), (d) (circumscribing the BIA's jurisdiction and powers). Defendants have therefore provided evidence that Mr. Martinez is unlikely to be re-detained, and that evidence minimizes the relevance of the BIA's order because ICE retains discretion over whether to re-detain Mr. Martinez. (*Cf.* R&R at 9.) Furthermore, even if ICE exercised its discretion to detain Mr. Martinez, he would not suffer the constitutional harm he alleges until he has faced detention of six months or more. *See Diouf v. Napolitano*, 634 F.3d 1081, 1084 (9th Cir. 2011) [hereinafter, *Diouf II*] ("We hold that individuals

//

---

[6] Initially, Mr. Martinez resisted this conclusion because (a) it was an open legal question whether Plaintiffs are detained—if at all—under 8 U.S.C. § 1226 or 8 U.S.C. § 1231; and (b) 8 C.F.R. § 241.4 applies only to noncitizens detained under 8 U.S.C. § 1231. (1/20/17 Plfs. Br. (Dkt. # 34) at 3 (citing 1/13/17 Defs. Br. (Dkt. # 29) at 4).) On July 6, 2017, the Ninth Circuit held that individuals detained in withholding only proceedings are detained pursuant to Section 1231(a). *Padilla-Ramirez v. Bible*, --- F.3d ---, No. 16-35385, 2017 WL 2871513, at *4 (9th Cir. July 6, 2017); (*see also* Not. of Supp. Auth. (Dkt. # 52) at 2 (acknowledging the *Padilla-Ramirez* decision and its impact on this case).) *Padilla-Ramirez* moots Mr. Martinez's argument.

detained under § 1231(a)(6) are entitled to the same procedural safeguards against prolonged detention as individuals detained under § 1226(a)."); *Rodriguez v. Robbins*, 715 F.3d 1127, 1133 (9th Cir. 2013) (construing the government's detention authority under Section 1226 to be "limited to a six-month period, subject to a finding of flight risk or dangerousness"); (Am. Pet. ¶ 50); *see also Padilla-Ramirez*, 2017 WL 2871513, at *2, 4 (reaffirming the holding of *Diouf II* and confirming that it applies to individuals, like Mr. Martinez, in withholding only proceedings). The court therefore concludes that Mr. Martinez's potential for future detention is too speculative to support his standing to challenge Defendants' bond procedures.[7] *See San Diego Cty.*, 98 F.3d at 1126; *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656 (9th Cir. 2002).

The court's analysis is consistent with *Jones v. Murphy*, 470 F. Supp. 2d 537, 551 (D. Md. 2007), which Magistrate Judge Tsuchida cites in support of his injury-in-fact conclusion (R&R at 9). In *Jones*, a Maryland court issued a bench warrant for the plaintiff's arrest, but the plaintiff resided in California. *Jones*, 470 F. Supp. 2d at 551. California's Governor had "a statutory duty" to arrest and extradite to another state anyone charged with a crime and fleeing from justice. *Id.* (citing Cal. Penal Code

---

[7] For similar reasons, the court rejects Magistrate Judge Tsuchida's conclusion that Mr. Martinez is "in custody" for purposes of seeking federal habeas relief. (R&R at 7); 28 U.S.C. § 2241(c)(3); *see also Veltmann-Barragan v. Holder*, 717 F.3d 1086, 1088 (9th Cir. 2013) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)) ("The Supreme Court has defined the phrase 'in custody' to include both physical detention and 'other restraints on a man's liberty, restraints not shared by the public generally.'"). The BIA's decision does not limit Mr. Martinez's liberty. ICE could exercise its discretion to detain Mr. Martinez and thereby restrain his liberty, but that potentiality is too speculative to support standing and too speculative to constitute placing Mr. Martinez "in custody." This conclusion constitutes an independent reason for the court's conclusion that it lacks jurisdiction to hear Mr. Martinez's claim. *See* 28 U.S.C. § 2241(c)(3); *Veltmann-Barragan*, 717 F.3d at 1087.

§ 1548.1 (2006)). The court found that the plaintiff had standing to challenge practices at the penal institution where he would be detained upon arrest because he was "substantially likely to have another experience" there. *Id.* Here, ICE has no "duty" to arrest Mr. Martinez, *see* 8 C.F.R. § 241.4; (Am. Pet. ¶ 22), and thus Mr. Martinez is not substantially likely to be denied a bond hearing in the future.

Finally, Mr. Martinez argues that certain exceptions to mootness apply to his case. (*See* Resp. at 5 (voluntary cessation), 6 n.3 (capable of repetition yet evading review).) Mr. Martinez's case is not moot; he lacks standing. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)) ("One commentator has defined mootness as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'"); (R&R at 12 ("[T]here has been no material change in the facts of Mr. Martinez's case.").) The exceptions to mootness that Mr. Martinez identifies therefore do not apply. *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n.10 (1982) (explaining that voluntary cessation is an exception to mootness); *Diouf II*, 634 F.3d at 1084 n.3 (same); *Fed. Elec. Comm'n v. Wis. Right to Life*, 551 U.S. 449, 462 (2007) (explaining that otherwise moot actions that are capable of repetition, yet evading review, are not treated as moot); *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (same).

Having performed a *de novo* review of the challenged portions of Magistrate Judge Tsuchida's report and recommendation, the court concludes that Mr. Martinez

lacks standing and rejects Magistrate Judge Tsuchida's recommendation on that issue. The court accordingly dismisses Mr. Martinez's claims without prejudice. Because the deficiency in standing is factual, not facial, the court concludes that amendment would be futile and declines to grant leave to amend.[8] *See Temple v. Abercrombie*, 903 F. Supp. 2d 1024, 1032 (D. Haw. 2012) (quoting *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002)) ("If Plaintiffs would lack standing to bring an amended complaint, the court need not 'prolong the litigation by permitting further amendment.'").

### D.  Defendants' Second Motion to Dismiss

Magistrate Judge Tsuchida recommends striking Defendants' second motion to dismiss (R&R at 15-16) pursuant to Plaintiffs' motion to strike (2d MTD Resp. (Dkt. # 47) at 1-2). Magistrate Judge Tsuchida bases his recommendation on Local Civil Rule 7(e)(3), which requires leave of the court to file contemporaneous dispositive motions, and he notes that Defendants' reply brief was nonresponsive to Plaintiffs' motion to strike. (*See* R&R at 5, 15-16.) Defendants object to the recommendation but acknowledge that they inadvertently filed the wrong reply brief and that their intended reply brief was not before Magistrate Judge Tsuchida. (Obj. at 8-9 & n.4.) Defendants nonetheless ask the court to either consider their intended reply brief, which is now in the record, or refer the second motion to dismiss back to Magistrate Judge Tsuchida so that he can consider the motion with the proper reply in the record. (*Id.* at 8 n.4.)

//

---

[8] This conclusion moots Defendants' other objections to the portion of the report and recommendation that addresses Defendants' first motion to dismiss, and the court declines to address those objections.

The court adopts Magistrate Judge Tsuchida's recommendation and strikes the second motion to dismiss. (R&R at 15-16.) Defendants characterize Local Civil Rule 7(e)(3) as prohibiting "the filing of multiple single-issue dispositive motions to circumvent the Court's page limits." (Obj. at 9.) They argue that because their second motion "was not made in bad faith to circumvent page limits," it does not violate Rule 7(e)(3). (*Id.* (explaining Defendants' good faith misunderstanding of Magistrate Judge Tsuchida's procedural rulings).) Local Civil Rule 7(e)(3) lacks a scienter requirement and straightforwardly precludes "contemporaneous dispositive motions, each one directed toward a discrete . . . claim." Local Rules W.D. Wash. LCR 7(e)(3). Accordingly, the court finds Defendants' avowed good faith irrelevant. Moreover, *Padilla-Ramirez*, 2017 WL 2871513, at *4, moots many of the parties' arguments (*see, e.g.*, 2d MTD at 5-8, 13-25; 2d MTD Resp. at 8-16), and the court lacks the benefit of the parties' briefing and Magistrate Judge Tsuchida's report and recommendation in light of that case. Accordingly, the court declines to take up the motion at this time and strikes the second motion to dismiss.[9]

//

//

//

---

[9] As Defendants note, their second motion to dismiss raises several jurisdictional questions. (*See* Obj. at 9-10; *see also* 2d MTD at 10-13.) Such issues must be resolved prior to addressing the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Accordingly, the court strikes the motion without prejudice to re-raising those issues in a subsequent motion. The court leaves to Magistrate Judge Tsuchida's discretion whether or not to provide further direction on how to present those issues and whether or not to raise the potential jurisdictional issues *sua sponte*.

## IV. CONCLUSION

Based on the foregoing analysis, the court ADOPTS in part and REJECTS in part Magistrate Judge Tsuchida's report and recommendation, GRANTS Defendants' first motion to dismiss (Dkt. # 16), DISMISSES Mr. Martinez's claims without prejudice and without leave to amend, STRIKES Defendants' second motion to dismiss (Dkt. # 44) without prejudice to renewing the motion, and refers the case back to Magistrate Judge Tsuchida for further proceedings. Finally, the court DIRECTS the Clerk to update the docket to reflect substitution of government officials sued in their official capacities. *See supra* n.1.

Dated this 11th day of July, 2017.

JAMES L. ROBART
United States District Judge