UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTURO MARTINEZ BAÑOS, et al.,

    Plaintiffs-Petitioners,

v.

NATHALIE ASHER, et al.,

    Defendants-Respondents.

Case No. C16-1454-JLR-BAT

**ORDER DIRECTING SUPPLEMENTAL BRIEFING**

Plaintiffs propose a class defined as "All individuals who are placed in withholding only proceedings under 8 C.F.R. § 1208.31(e) in the Western District of Washington who are detained or subject to an order of detention." Dkt. 38 at 22. The definition appears to be overbroad in three respects.

First, the Ninth Circuit's recent decision in *Padilla-Ramirez v. Bible* forecloses plaintiffs' argument all individuals in withholding only proceedings are entitled to custody hearings as soon as they apply for withholding of removal. 862 F.3d 881, 884, 886 (9th Cir. 2017). Therefore, a class of "all individuals" in withholding only proceedings includes people who are precluded from relief under *Padilla-Ramirez*.

Second, two groups of non-citizens may apply for withholding of removal under § 1208.31(e): those who are subject to reinstated removal orders under 8 U.S.C. § 1231(a)(5) and

ORDER DIRECTING SUPPLEMENTAL BRIEFING- 1

those who are subject to final administrative removal orders ("FAROs") under 8 U.S.C. § 1228(b). *Padilla-Ramirez* held that reinstated removal orders are administratively final at the time they are entered, notwithstanding the pendency of withholding only proceedings, and therefore the Government's detention authority lies in 8 U.S.C. § 1231(a). But no federal court has issued a published decision regarding when a FARO is administratively final, and therefore it is an open question whether those subject to FAROs and in withholding only proceedings are detained under § 1231(a) or 8 U.S.C. § 1226(a). The parties' briefing has not addressed this issue and neither named plaintiff could represent a FARO sub-class. If § 1226(a) applies to such individuals, they likely would be entitled to different relief than what plaintiffs now seek in light of *Padilla-Ramirez*.

Third, the proposed class includes individuals who are not detained but are subject to an order of detention. Judge Robart has determined that merely being subject to an order of detention is insufficient to have standing to pursue this lawsuit. Dkt. 53 at 10.

Given these issues, the Court PROPOSES an amended class definition: "All individuals who (1) were placed in withholding only proceedings under 8 C.F.R. § 1208.31(e) in the Western District of Washington after having a removal order reinstated, and (2) have been detained for 180 days (a) without a custody hearing or (b) since receiving a custody hearing."

The Court ORDERS the parties to respond to this sua sponte proposal and to address any issues relevant to certifying such a class. Plaintiffs' brief is due **September 25, 2017**, the Government's response is due **October 4, 2017**, and plaintiffs may file a reply by **October 6, 2017**.

\\

\\

The Clerk is directed to RE-NOTE the pending motions, Dkts. 23, 41, 57, for October 6, 2017.

DATED this 8th day of September, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DIRECTING SUPPLEMENTAL BRIEFING- 3