UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ARTURO MARTINEZ BAÑOS, et al., | CASE NO. C16-1454JLR |
|---|---|
| Plaintiffs-Petitioners, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| NATHALIE ASHER, et al., | |
| Defendants-Respondents. | |

## I. INTRODUCTION

Before the court are the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida (R&R (Dkt. # 77)) and Defendants-Respondents Nathalie Asher, Lowell Clark, Thomas D. Homan, John F. Kelly, James McHenry, and Jefferson B. Sessions's (collectively, "the Government") objections thereto (Obj. (Dkt. # 78)). The Government and Plaintiff Edwin Flores Tejada both subsequently filed notices of supplemental authority. (*See* 1st Pl. Not. (Dkt. # 80); Def. Not. (Dkt. # 81); 2nd Pl. Not. (Dkt. # 82).) Having carefully reviewed all of the foregoing, along with all other relevant

documents and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 77).

## II. BACKGROUND AND ANALYSIS

On January 23, 2018, Magistrate Judge Tsuchida issued a Report and Recommendation that recommends granting in part and denying in part the parties' cross-motions for summary judgment. (R&R at 2.) The Government filed its objections on February 23, 2018, asking that the court reject Magistrate Judge Tsuchida's recommendation. (Obj. at 1.) A few days later, on February 27, 2018, the Supreme Court decided *Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830 (2018), which held that the Ninth Circuit had erroneously applied the canon of constitutional avoidance in finding that 8 U.S.C. §§ 1225(b)(1), 1225(b)(2), and 1226(c) entitle individuals to periodic bond hearings when their detention becomes prolonged at six months. *Jennings*, 138 S. Ct. at 842-47. Both parties submitted notices of supplemental authority discussing the impact of *Jennings* on the case at hand. (*See* 1st Pl. Not.; Def. Not.; 2nd Pl. Not.)

Accordingly, the court first determines the impact, if any, that *Jennings* has on the issues presented in the Report and Recommendation. The court then considers the Report and Recommendation.

A.  *Jennings* **and Its Impact**

The Report and Recommendation relies upon *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011) ("*Diouf II*"), and its analysis of U.S.C. § 1231(a)(6) to conclude that class members should "be afforded custody hearings before an [immigration judge] . . . after they have been detained for 180 days and every 180 days thereafter." (R&R at 10-11; *see*

*id.* at 7-11.) The Government argues that *Jennings* calls into question *Diouf II*, and consequently, the Report and Recommendation. (*See* Def. Not. at 2-3.) The court disagrees.

*Diouf II* remains binding circuit authority unless it is "clearly irreconcilable" with higher authority. *See United States v. Robertson*, 875 F.3d 1281, 1291 (9th Cir. 2017). Under the "clearly irreconcilable" standard, "it is not enough for there to be some tension between the intervening high authority and prior circuit precedent." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012). So long as the court "can apply . . . prior circuit precedent without running afoul of the intervening authority," it must do so. *Id.* (internal quotation marks omitted).

*Diouf II* and *Jennings* are not "clearly irreconcilable." *See Robertson*, 875 F.3d at 1291. In *Jennings*, the Supreme Court reversed the Ninth Circuit's holding, pursuant to the canon of constitutional avoidance, regarding §§ 1225(b)(1), 1225(b)(2), and 1226(c). In so concluding, *Jennings* explicitly contrasted §§ 1225 and 1226—the statutes at issue in that case—with § 1231(a)(6)—the statute at issue in *Diouf II*. *See* 138 S. Ct. at 843-44. For instance, the Supreme Court recognized that §§ 1225 and 1226 utilize the mandatory language "shall," whereas § 1231(a)(6) utilizes the discretionary language "may"; the "may" language in § 1231(a)(6) suggests ambiguity that leaves space for constitutional avoidance. *Jennings*, 138 S. Ct. at 843.

Thus, *Jennings* concerns statutes—§§ 1225 and 1226—that were not at issue in *Diouf II* and are not at issue here. *See Jennings*, 138 S. Ct. at 843; *Diouf II*, 634 F.3d at 1086. In fact, *Jennings* expressly distinguished § 1231(a)(6), the statute at issue here.

*See Jennings*, 138 S. Ct. at 843-44. Thus, the court agrees with the other district courts to have considered the viability of *Diouf II* after *Jennings*: "[A]t a minimum . . . *Jennings* left for another day the question of bond hearing eligibility under [§] 1231(a), and at best, [*Jennings* shows] that the Ninth Circuit correctly invokes the doctrine of constitutional avoidance" in *Diouf II*. *See Ramos v. Sessions, et al.*, No. 18-cv-00413, 2018 WL 1317276, at *3 (N.D. Cal. Mar. 13, 2018); *see also Borjas-Calix v. Sessions, et al.*, No. CV-16-00685-TUC-DCB, 2018 WL 1428154, at *6 (D. Ariz. Mar. 22, 2018) (holding that *Jennings* did not impact *Diouf II* because *Jennings* was specifically directed to § 1225, *et seq.*, and not § 1231(a)(6)).

The court, therefore, concludes that *Diouf II* remains binding law.

**B.     Report and Recommendation**

The court next addresses the Report and Recommendation. A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of a report and recommendation to which a party specifically objects in writing. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

The Government's objections do not raise any novel issue that was not addressed by Magistrate Judge Tsuchida's Report and Recommendation. (*See generally* Obj.) Moreover, the court has thoroughly examined the record before it and finds that the reasoning contained in the Report and Recommendation is persuasive in light of that record. Accordingly, the court independently rejects the Government's arguments in its objection for the same reasons as Magistrate Judge Tsuchida did.

### III. CONCLUSION

For the foregoing reasons, the court ADOPTS the Report and Recommendation (Dkt. # 77) in its entirety. The court DIRECTS the Clerk to send copies of this Order to the parties and to the Honorable Brian A. Tsuchida.

Dated this 4th day of April, 2018.

JAMES L. ROBART
United States District Judge