UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTURO MARTINEZ BAÑOS, et al., <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> ELIZABETH GODFREY, et al., <br><br> Defendants-Respondents. | CASE NO. C16-1454 JLR <br><br> ORDER DEFERRING CONSIDERATION OF DEFENDANTS' RULE 60 MOTION FOR RELIEF FROM THE COURT'S FINAL ORDER |

## I. INTRODUCTION

Before the court is Defendants-Respondents Elizabeth Godfrey, Lowell Clark, Thomas D. Homan, James McHenry, William Barr, and Kevin McAleenan's[1] (collectively, "the Government") Federal Rule of Civil Procedure 60 motion for relief

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the court DIRECTS the Clerk of court to substitute Elizabeth Godfrey for Nathalie Asher, Kevin McAleenan for John F. Kelly, and William Barr for Jefferson B. Sessions, III. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. . . . The court may order substitution at any time.").

ORDER - 1

from the court's final order.  (*See* Mot. (Dkt. # 95).)  Petitioners Edwin Flores Tejada and German Ventura Hernandez,[2] on behalf of themselves and on behalf of others who are similarly situated (collectively, "Petitioners"), oppose the motion.  (Resp. (Dkt. # 97).)  The court has reviewed the motion, all submissions filed in support of and in opposition to the motion, the relevant portions of the record, and the applicable law.  Being fully advised,[3] the court DEFERS RULING on the motion.

## II. BACKGROUND

On September 14, 2016, Petitioners filed a habeas corpus petition and class action complaint on behalf of themselves and other similarly-situated detained noncitizens in withholding of removal only proceedings under 8 C.F.R. § 1208.31(e), challenging the Government's refusal to provide them with custody redetermination hearings.  (Petition (Dkt. # 1); *see also* Am. Petition.)  On December 11, 2017, the court certified a class comprising of "[a]ll individuals who (1) were placed in withholding only proceedings under 8 C.F.R. § 1208.31(e) in the Western District of Washington after having a removal order reinstated, and (2) have been detained for 180 days (a) without a custody hearing or (b) since receiving a custody hearing."  (*See* 12/11/17 Order (Dkt. # 70) (adopting report and recommendation); *see also* 10/17/17 R&R (Dkt. # 67) at 17.)

---

[2] On January 31, 2017, Petitioners added Mr. Tejada and Mr. Hernandez as parties in the amended petition.  (Am. Petition (Dkt. # 38) ¶¶ 14-15.)  On July 11, 2017, the court dismissed Petitioner Arturo Martinez Baños's claims without prejudice.  (7/11/17 Order (Dkt. # 53) at 12, 14.)

[3] No party has asked for oral argument (*see* Mot. at 1; Resp. at 1), and the court does not consider oral argument to be helpful to its disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

On January 23, 2018, Magistrate Judge Brian A. Tsuchida issued a report and recommendation concluding that Plaintiffs were entitled to summary judgment on their statutory claim that the Immigration and Nationality Act ("INA") provides class members with custody redetermination hearings before an immigration judge after six months of detention. (1/23/18 R&R (Dkt. # 77).) A proposed order, declaring that the government violated 8 U.S.C. § 1231(a)(6) by failing to provide custody hearings to class members, accompanied the report and recommendation. (SJ Order (Dkt. # 77-1) ¶ 6.) The proposed order required the Government to (1) provide custody hearings to each class member "as soon as the individual's detention reaches 180 days (*id.* ¶ 8); (2) provide periodic custody hearings to class members "at every 180-day mark of their detention" (*id.* ¶ 10); (3) "provide simultaneous notice of class members' custody hearings to both class members and class counsel" (*id.* ¶ 13); and (4) notify class members in the event "the Government determines that an individual is not a class member" even though the individual meets the criteria outlined by the class definition (*id.* ¶ 14). The proposed order did not contain an end date or time limit for these requirements. (*See generally id.*) On February 7, 2018, the Government filed its objections to the report and recommendation but did not object to any specific aspect of the proposed order. (*See generally* 2/7/18 Objections (Dkt. # 78).)

On April 4, 2018, the court adopted the January 23, 2018, report and recommendation "in its entirety," including the proposed order. (*See* 4/4/18 Order (Dkt. # 83) at 1.) The parties filed a stipulated motion to extend to the deadlines for the Government to begin conducting bond hearings pursuant to the order, which the court

granted. (Stip. Mot. (Dkt. # 86); 4/25/18 Order (Dkt. # 87) (granting stipulated motion).) Since May 23, 2018, the Government has emailed class counsel once a week notifying class counsel of the bond hearings provided to class members, if any, pursuant to the court's order. (*See* Maltese Decl. (Dkt. # 98) ¶ 4, Ex. A.) There is no allegation that the Government has not fully complied with the court's April 4, 2018, order. (*See generally* Resp.; *see also* 5/11/18 Status Report (Dkt. # 88).)

On May 30, 2018, the Government appealed this court's judgment to the Ninth Circuit Court of Appeals. (Not. of Appeal (Dkt. # 93).) The Government now seeks relief from this court under Rule 60 from the reporting requirements under paragraphs 13 and 14 of this court's final order. (*See* Mot. at 2; SJ Order at 13-14.) The court now considers the Government's motion.

### III. ANALYSIS

The Government brings its motion pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). (*See* Mot. at 5-6 (citing Fed. R. Civ. P. 60(b)(1), (6)).) In response, Petitioners assert that the court lacks jurisdiction over the Government's motion due to the Government's pending appeal. (Resp. at 5-6.)

The general rule is that a notice of appeal confers jurisdiction on the court of appeals and divests the district court of jurisdiction with respect to the matters involved in the appeal. *See, e.g.*, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 59 (1982); *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.3d 731, 734 (9th Cir. 1982). A district court may, however, "retain[] jurisdiction during the pendency of an appeal to act to preserve the status quo." *Nat. Res. Def. Council v. Sw. Marine,*

*Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). As the Government point out in its reply, Federal Rule of Civil Procedure 62(d) allows a district court to "suspend, modify, restore, or grant an injunction" while an appeal is pending. (*See* Reply (Dkt. # 99) at 2-3 (citing Fed. R. Civ. P. 62(d)).) However, Rule 62(d) grants the district court "no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal." *Sw. Marine*, 242 F.3d at 1166. Rule 62(d) "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *McClatchy Newspapers*, 686 F.2d at 734. The Government's motion does not seek to "preserve the status quo"; it seeks instead to alter the status quo by removing certain requirements to notify class members and their counsel under the injunction. Thus, the court concludes that Rule 62(d) does not provide a basis for exercising jurisdiction over Defendants' motion.

Nevertheless, under Rule 62.1(a), if a party brings a motion "that the court lacks authority to grant because . . . an appeal . . . is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1. Thus, although the court lacks authority to grant Defendants' Rule 60(b) motion without a remand from the Ninth Circuit, it has jurisdiction to deny the motion on the merits, defer consideration of the motion, or issue an indicative ruling. *See id.*; *see also Out of the Box Enters., LLC v. El Paseo Jewelry Exch., Inc.*, 737 F. App'x 304, 305 (9th Cir. 2017) (unpublished). Here, for the reasons stated below, the court DEFERS RULING on the motion pursuant to Rule 62.1(a)(1) until after the Government's appeal before the Ninth Circuit is complete.

Defendants argue that the court should rescind its "indefinite" reporting requirement for two reasons. First, the Government asserts that, given the presumption of regularity that attaches to government agencies' actions, the court's indefinite reporting requirement must have been either a "mistake or inadvert[ent]." (*See* Mot. at 7-9 (relying upon Fed. R. Civ. P. 60(b)(1)).) Second, the Government asserts that, given the Government's year-long track record of compliance with the court's order, the court should remove the reporting requirement because it places an "exceptional burden" on the Government. (*See id.* at 9-12 (relying on Fed. R. Civ. P. 60(b)(6)).)

Even assuming the court should terminate the final order's reporting requirements at some point in time,[4] the Government fails to demonstrate that termination should occur prior to the completion of its Ninth Circuit appeal. Indeed, the Government provided no evidence to support its allegations of "exceptional burden" when it initially filed its motion. (*See* Mot. at 11; *see generally* Dkt.) After Petitioners noted this lack of evidence in their response (Resp. at 11), the Government provided two declarations in conjunction with its reply to support its assertions of undue burden (*see* Neifert Decl. (Dkt. # 99-1); Guzmán Decl. (Dkt. # 99-2)). However, as described below, the descriptions in those declarations do not support the conclusion that the final order's reporting requirements create an undue or excessive burden.

//

//

//

---

[4] The court makes no determination of this issue in this order.

In the declarations the Government provides, the only actions that appear to relate exclusively to the final order's reporting requirements are as follows.[5] First, a single legal assistant in the Tacoma Immigration Court (1) weekly scans the hearing notices for individuals covered by the final order who are scheduled for bond hearings, and then (2) emails those notices to the Department of Justice's ("DOJ") Executive Office for Immigration Review ("EOIR") and to the Department of Homeland Security's Immigration and Customs Enforcement ("ICE"). (Neifert Decl. ¶¶ 5-6.) Subsequently, a second paralegal at EOIR's Office of the General Counsel emails the hearing notices to an attorney at DOJ's Office of Immigration Litigation. (*Id.* ¶ 6.) The attorney at the Office of Immigration Litigation then asks a paralegal in that office to preserve and process the notices so that the notices can be produced to class counsel; after which, the attorney produces the notices to class counsel. (*See* Guzmán Decl. ¶ 5.)

DOJ refers to itself as "the world's largest law office, employing more than 10,000 attorneys nationwide." *See* United States Department of Justice, Office of Attorney Recruitment, https://www.justice.gov/oarm (last visited May 31, 2019).[6] Given these

---

[5] The Court Administrator for the Tacoma Immigration Court describes various actions that he and others take to adhere to "the scheduling, monitoring, and reporting requirements" of the court's final order. (Neifert Decl. ¶ 4.) Thus, he expressly does not segregate the actions he takes exclusively to comply with the final order's reporting requirements. (*See generally id.*) Indeed, many of the actions he describes relate to the other substantive requirements of the court's final order. (*See id.* ¶¶ 4-5.) The sequence of events outlined above is the court's understanding of those actions described in the declarations at issue that appear to relate solely to the final order's reporting requirements.

[6] *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 986 n.6 (D. Nev. 2014) (taking judicial

vast DOJ resources, the court declines to find that the minimal resources that the Government devotes to the final order's reporting requirements, as described above, are unduly burdensome. As a result, the court declines the Government's invitation to alter the injunction while the Government's appeal is pending. Instead, the court DEFERS RULING until the Government's appeal is complete. *See* Fed. R. Civ. P. 62.1(a)(1). Following the Ninth Circuit's ruling or other termination of the Government's appeal, the Government may renote its motion for the court's consideration if appropriate at that time.

## IV.  CONCLUSION

Based on the foregoing analysis, the court DEFERS RULING on the Government's motion (Dkt. # 95). The court further DIRECTS the clerk to terminate this motion. Following completion of the Government's appeal, the Government may renote its motion for the court's consideration if appropriate at that time.

Dated this 4th day of June, 2019.

JAMES L. ROBART
United States District Judge

---

notice of document on the Federal Deposit Insurance Corporation's website); *see also* Fed. R. Evid. 201(c)(1) (permitting a court to take judicial notice *sua sponte*).