UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWIN OMAR FLORES TEJADA and GERMAN VENTURA HERNANDEZ, on behalf of themselves as individuals and on behalf of others similarly situated,<br><br>Petitioners,<br><br>v.<br><br>ELIZABETH GODFREY, Field Office Director; et al.,<br><br>Respondents. | CASE NO. 2:16-cv-01454-TL<br><br>ORDER ON MOTION TO VACATE PERMANENT INJUNCTION |

This matter is before the Court on Respondents' Motion to Vacate Permanent Injunction. Dkt. No. 154. The Court assumes familiarity with the facts of this case.

Respondents argue that the Court must vacate the permanent injunction for two reasons: (1) "this Court lacks authority to issue classwide injunctive relief that restrains or enjoins the operation of certain immigration statutes, including the detention statute at issue here," (*id*. at 4) (citing *Garland v. Aleman Gonzalez*, 596 U.S. 543, 548 (2022)); and (2) "the merits conclusion

upon which said injunction was based—that § 1231(a)(6) mandates bond hearings after six months of detention—is clearly erroneous because the text of the statute cannot plausibly be interpreted to include such a requirement" (*id.*) (citing *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 580-81 (2022)). In response, Plaintiffs concede[1] that the Supreme Court "rejected their statutory claim in *Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022), which held that 8 U.S.C. § 1231(a)(6) cannot be interpreted to require bond hearings" and, therefore, "they do not believe there is a basis to maintain the permanent injunction previously issued by this Court." Dkt. No. 158 at 1–2. Plaintiffs also concede in their opposition to Defendants' Motion to Decertify Class (Dkt. No. 157) that, "[t]he Supreme Court further clarified in *Garland v. Aleman Gonzalez*, 596 U.S. 543 (2022), that injunctive relief is not available on a classwide basis." *Id*. at 3 n.2.

Therefore, in accordance with Supreme Court precedent in *Aleman Gonzalez*, 596 U.S. 543, and *Arteaga-Martinez*, 596 U.S. 573, the Court GRANTS Defendants' motion and VACATES the permanent injunction issued on April 4, 2018. Dkt. No. 83 (Order Adopting Report and Recommendation Issued at Dkt. No. 77).

Dated this 24th day of September, 2026.

Tana Lin
United States District Judge

[1] The Court regrets the delay in reaching this motion due to the unprecedented number of immigration habeas petitions that has inundated this District and this Court. Section II.H. of the Court's Standing Order for All Civil Cases instructs a moving party to notify it if a response indicates non-opposition.